# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BUCK R. BOX, Individually, and as  )
Special Administrator of the Estate of  )
MARY BOX, Deceased, STEPHANIE BOX,  )
RENEE BOX, and ANTHONY BOX as the  )
Natural Heirs of the Deceased,  )
                              )
            **Plaintiffs,**   )
                              )
v.                              )
                              )   Case No. 18-02517-CM-TJJ
UNITED STATES; UNITED STATES  )
DEPARTMENT OF HEALTH AND  )
HUMAN SERVICES; COMMUNITY  )
HEALTH CENTER OF SOUTHEAST  )
KANSAS; MICHAEL FORBES, APRN;  )
BRET MICHAEL BULLARD, F.N.P.; and  )
MERCY HOSPITAL COLUMBUS,  )
                              )
            **Defendants.**   )

## **MEMORANDUM AND ORDER**

Defendants the United States of America, United States Department of Health and Human Services ("HHS"), Community Health Center of Southeast Kansas ("CHC-SEK"), and Michael Forbes move to dismiss federal defendants HHS, CHC-SEK, and Forbes pursuant to the Federal Tort Claims Act ("FTCA") because the United States is the exclusive federal defendant under the Act. (Doc. 24.)

### **I.    FACTUAL BACKGROUND**

Plaintiffs are the husband and children of decedent Mary Box. Defendants are the United States of America, HHS, CHC-SEK, Mercy Hospital Columbus ("Mercy-Columbus"), Michael Forbes, and Bret Michael Bullard. CHC-SEK is a federally-supported health center. Plaintiffs allege defendant Forbes was an employee of CHC-SEK acting in the scope of his employment at all times

-1-

relevant to this motion. Plaintiffs similarly allege defendant Bullard was an employee of Mercy-Columbus acting in the scope of his employment at all times relevant to this motion.

Ms. Box presented first to defendant Mercy-Columbus, then four days later, to defendant CHC-SEK, with multiple symptoms including headaches, blurred vision, and nausea. Defendants Forbes and Bullard each treated Ms. Box at their respective places of employment by prescribing medication, but not by ordering testing or other diagnostic referrals. The day after presenting to CHC-SEK, Ms. Box returned to CHC-SEK complaining of worsening symptoms. Nine days later, Ms. Box was admitted to the emergency room of Mercy Hospital in Joplin, Missouri, after losing consciousness in her vehicle. A CT scan revealed intracranial hemorrhage, aneurysm, and subarachnoid hemorrhage. She was then transferred to Mercy Hospital in Springfield, Missouri, for further care. Ms. Box passed away on November 27, 2016.

Plaintiffs allege that Ms. Box's death resulted from the negligence of defendants Forbes, Bullard, and defendants' respective employers CHC-SEK and Mercy-Columbus.

**II.     LEGAL STANDARDS**

Under the FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, the United States has waived its sovereign immunity for claims including "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). For claims covered by Section 1346, suit against the United States is a plaintiff's exclusive remedy, and "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1). For covered claims, with limited exceptions for certain types of damages, the United States is liable "in the same manner and to the same extent as a private individual

under like circumstances[.]" *Id.* § 2674. Claims under Section 1346(b) may not be brought against federal agencies. *Id.* § 2679(a).

The Tenth Circuit has stated that "[t]he United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)) (quotations omitted). This is equally true of FTCA claims based upon the work of "any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment[.]" 42 U.S.C. § 233(a); *see Lurch v. United States*, 719 F.2d 333, 340 n.10 (10th Cir. 1983).

### III. DISCUSSION

Defendants move to dismiss federal defendants HHS, CHC-SEK, and Forbes, and further ask the court to amend the case caption appropriately. Plaintiffs recognize that defendants HHS and CHC-SEK must be dismissed from this action, but ask that defendant Forbes not be dismissed. The court accordingly dismisses defendants HHS and CHC-SEK and turns to defendant Forbes.

The jurisdictional basis alleged with respect to defendant Forbes is the court's exclusive jurisdiction under the FTCA. (Doc. 11, at 3.) Paragraph 16 of Plaintiffs' First Amended Complaint alleges that "[a]t all times relevant hereto, [defendant Forbes] was an employee of [CHC-SEK] working in the course and scope of his employment[.]" (*Id.* at 4.) Plaintiffs' theory of recovery against all federal defendants is a state law negligence action. (*Id.* at 5–6.) As a result, plaintiffs' claim falls into the category of cases covered by Section 1346 of the FTCA. *See* 28 U.S.C. § 1346(b)(1).

Because CHC-SEK is a federally-supported health center, defendant Forbes is deemed a Public Health Service employee, making the United States the exclusive defendant for the FTCA claim against him. *See* 42 U.S.C. § 233(a); *Lurch*, 719 F.2d at 340 n.10. Because the court's jurisdiction is

based upon plaintiffs' FTCA claim, and the United States is the exclusive federal defendant for all FTCA claims before the court, the court must also dismiss defendant Forbes.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss parties (Doc. 24) is granted. Defendants United States Department of Health and Human Services, Community Health Center of Southeast Kansas, and Michael Forbes are dismissed from this action. The caption is amended to reflect the United States of America, Bret Michael Bullard, F.N.P., and Mercy Hospital Columbus as the remaining defendants.

Dated this 27th day of June, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
