IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BUCK R. BOX, et al., )
 )
                Plaintiffs, )
 )
v. )    Case No. 18-cv-2517-CM-TJJ
 )
UNITED STATES OF AMERICA, et al., )
 )
                Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States' Motion to Strike (ECF No. 111). Defendant United States of America moves to strike Plaintiffs' expert designation of Dr. James Abrahams for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs oppose the motion. After consideration of the matter, the Court will deny the motion.

**I.    Factual Background and Procedural History**

Following Plaintiffs' September 16, 2019 designation of expert witnesses[1] and in advance of their depositions, Defendant United States raised concerns about the adequacy of certain experts' Rule 26 disclosures. On October 21, 2019, the Court conducted a telephone conference and directed Plaintiffs to supplement their disclosures. On October 23 and 24, 2019, Plaintiffs served the supplemental disclosures,[2] and the United States timely objected to and moved to strike Dr. Abrahams. The United States argues the case list Dr. Abrahams provided is

---

[1] *See* Notice of Service (ECF No. 89).

[2] *See* ECF Nos. 104-06.

incomplete and that because his area of expertise is specialized, "there is a high probability that there are other cases related to failing to diagnose subarachnoid hemorrhage or failing to treat headaches that could be relevant" to his deposition testimony.[3] The United States asserted the failure "makes it difficult, if not impossible for the Defendant to properly prepare for depositions, much less trial."[4]

Plaintiffs recount the efforts counsel has made to supplement their experts' case lists, including contacting more than forty law firms. Plaintiffs ultimately identified and produced information for thirteen cases in which Dr. Abrahams testified during the last four years.[5] Through its own resources, the United States has discovered nine additional cases that Dr. Abrahams did not disclose.[6]

While the motion was pending, Defendants deposed Dr. Abrahams, and the Court requested supplemental briefing on the issue of prejudice arising from the alleged Rule 26(a)(2)(B) violation. The parties have filed their supplemental briefs and the Court is ready to rule.

## II. Legal Standards

For those expert witnesses who must provide a written report as required by Rule

---

[3] ECF No. 111 at 5.

[4] *Id.*

[5] ECF No. 113 at 2-3.

[6] ECF No. 114 at 2-3.

26(a)(2) of the Federal Rules of Civil Procedure, the purpose of the report is to require disclosure of expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. A party who fails to make the required disclosures without substantial justification, unless such failure is harmless, will not be permitted to use as evidence at trial any witness or information not so disclosed.[7]

The determination of whether a Rule 26(a) violation is justified or harmless is "entrusted to the broad discretion of the district court."[8] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[9] The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm.[10]

---

[7] *Miller v. Prairie Ctr. Muffler, Inc.*, No. 03-2424-DJW, 2004 WL 2821220, at *1 (D. Kan. Nov. 16, 2004).

[8] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[9] *Id.*

[10] *See Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (burden to establish harmlessness is on the party who failed to make the required disclosure); *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *7 (D. Kan. Nov. 6, 2013) (burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure).

**III.    Analysis**

Both sides cite *Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D. Kan. 1995), for its discussion of what information is necessary to comply with Rule 26(a)(2)(B)(v), which states that an expert's report must contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."[11] In *Nguyen*, the court found the expert's failure to maintain records sufficient to disclose a list of cases, the disclosure of patient names but not case names, the omission of a list of the expert's publications, and other inadequacies did not constitute substantial justification. However, in spite of the numerous ways in which the expert report fell short of Rule 26(a)(2)(B)'s requirements, the court did not strike the expert as a witness.[12]

The United States candidly acknowledges that striking an expert is an extreme measure.[13] Based on the undisputed facts, the Court finds no basis to believe the trial will be disrupted if Dr. Abrahams' testimony is allowed, nor does the Court find bad faith or willfulness by Plaintiffs or Dr. Abrahams. The Court sought supplemental briefing on the issue of prejudice after Dr. Abrahams' deposition to further assess prejudice to Defendants and Plaintiffs' ability to cure any prejudice. While it appears that Dr. Abrahams was unable to recall the names of three other cases in which he testified in 2015, one of those was more than four years before his report in this case, and the other two were within several weeks of being more than four years old. The

---

[11] Fed. R. Civ. P. 26(a)(2)(B)(v).

[12] 162 F.R.D. at 682.

[13] ECF No. 111 at 5.

United States did not leave open the deposition or ask Dr. Abrahams additional questions about those cases or the other six cases Defendant United States identified.

While the Court understands that defense counsel exerted additional time and effort to uncover these cases, the Court finds no prejudice results from Dr. Abrahams' failure to include them in his case list. Plaintiffs will not elicit standard of care opinions from Dr. Abrahams, but instead will rely on his expertise as a radiologist in reading and interpreting films to offer his opinion on the presence of an aneurysm in the space around decedent's brain. Although the Court agrees that Dr. Abrahams' testimony in other cases might be relevant, there is no indication that his previous testimony would conflict with or diminish the reliability of his opinions about decedent. Accordingly, the Court denies the motion to strike.

**IT IS THEREFORE ORDERED** that the United States' Motion to Strike (ECF No. 111) is denied.

Dated this 20th day of December, 2019, at Kansas City, Kansas.

                                        Teresa J. James
                                        U. S. Magistrate Judge