IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| BUCK R. BOX, Individually, and as Special Administrator of the Estate of MARY BOX, Deceased; STEPHANIE BOX, RENEE BOX, and ANTHONY BOX as the Natural Heirs of the Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, BRET MICHAEL BULLARD, F.N.P.; and MERCY HOSPITAL COLUMBUS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 18-2517-HLT-TJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of $425,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action

1



PLAINTIFF'S EXHIBIT A

of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by government wire transfer as per the following:

    A.    Name of Bank: Redacted
    B.    Street Address of Bank: Redacted

      C.      City, State and Zip Code of Bank: Redacted
      D.      Federal Reserve Number:
      E.      Routing Number: Redacted
      F.      Name of Account: Redacted
      G.      Account Number: Redacted

Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice within five (5) days after receipt of settlement funds, with each party bearing its own fees, costs, and expenses.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. Plaintiffs acknowledges that the United States Attorney's Office cannot otherwise control the processing of the request for payment, and that payment of the settlement amount is conditioned upon the funding provisions of 42 U.S.C. § 233(k).

11. The parties acknowledge that this compromise settlement is only between and binding on the Plaintiffs and the United States. The other named Defendants, Bret Michael Bullard and Mercy Hospital, are not parties to this Stipulation for Compromise Settlement and Release.

12. Plaintiffs shall be solely responsible for the full compliance with all applicable tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement amount proceeds. Plaintiffs execute this Stipulation without reliance on any

representation by Defendant as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of business of the United States and may be subject to offset pursuant to the Treasure Offset Program.

13. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _____ day of February, 2020.

_____
Michelle A. Jacobs
Attorney for Defendant
United States of America

Executed this  17th  day of February, 2020.

*Kala Spigarelli*
Kala Spigarelli
Attorney for Plaintiff

Executed this  17th  day of February, 2020.

*Kaylyn Hite*
Kaylyn Hite
Attorney for Plaintiff

Executed this  14  day of February, 2020.

*Roger Box*
Roger Box
Plaintiff

5

Executed this \_\_\_15\_\_\_ day of February, 2020.

_____
Stephanie Box
Plaintiff

Executed this \_\_\_14\_\_\_ day of February, 2020.

_____
Renee Box
Plaintiff

Executed this \_\_\_16\_\_\_ day of February, 2020.

_____
Anthony Box
Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BUCK BOX, Individually, and as Special Administrator of the Estate of MARY BOX, deceased, STEPHANIE BOX, RENEE BOX and ANTHONY BOX as the Natural Heirs of the Deceased<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 18-2517-HLT-TJJ<br>)<br>)<br>)<br>)<br>)<br>) |

### APPORTIONMENT OF SETTLEMENT PROCEEDS

**NOW** on this 17th day of March 2020, Plaintiffs and Defendant appear before the Court to obtain approval of Apportionment of the Settlement Proceeds. Plaintiffs appear through counsel, Kala Spigarelli and Kaylyn Hite. Defendant United States of America appears through counsel, Michelle Jacobs. Plaintiffs have agreed to apportion the net settlement proceeds after attorney fee and expenses of $286,765.39 as follows:

a) $143,382.70 to Buck Box in full and final settlement of his claim;

b) $47,794.23 to Anthony Box in full and final settlement of his claim;

c) $47,794.23 to Renee Box in full and final settlement of her claim; and

d) $47,794.23 to Stephanie Box in full and final settlement of her claim.

Respectfully submitted,

1



PLAINTIFF'S EXHIBIT B

      /s/ Kala Spigarelli
KALA SPIGARELLI #14857
KAYLYN HITE #27932
THE SPIGARELLI LAW FIRM
515 South Broadway
P.O. Box 1449
Pittsburg, KS  66762-1449
(620) 231-1290  FAX 232-6650
kspig@spigarelli-law.com
ATTORNEY FOR PLAINTIFFS

Mary Box, Deceased

Client No. M-16-B-7

## SETTLEMENT STATEMENT
## USA / CHC

| | | |
|---|---|---:|
| GROSS AMOUNT OF SETTLEMENT | $ | 425,000.00 |
| Less Litigation Expenses (2/3 total expenses) | $ | 42,646.14 |
| SUB-TOTAL | $ | 382,353.86 |
| Less Attorney Fees (**25%**) | $ | 95,588.47 |
| **BALANCE TO CLIENT** | $ | 286,765.39 |

I, <u>Buck R. Box, Anthony Box, Renee Box, and Stephanie Box</u>, have reviewed the above settlement statement and am fully satisfied with the explanation of the attorney fees and litigation expenses being deducted from the gross amount of settlement.

In addition, I understand that any medical bills or liens that remain unpaid are my responsibility.

Dated this **28** day of February 2020.

_____
BUCK R. BOX

_____
ANTHONY BOX

_____
RENEE BOX

_____
STEPHANIE BOX

THE FOLLOWING HEREBY CERTIFY THAT THE ABOVE AND FOREGOING SETTLEMENT STATEMENT IS TRUE AND CORRECT TO THE BEST OF HER KNOWLEDGE.

_____          _____
Kala Spigarelli, Attorney                                      Date


_____          _____
Kaylyn Hite, Attorney                                          Date


_____          _____
Keri Niegsch, Bookkeeper, who further                          Date
approves and verifies the calculations in the
foregoing settlement statement are correct

## AGREEMENT TO EMPLOY ATTORNEY

**THIS AGREEMENT**, made this 15th day of September, 2017, by **THE SPIGARELLI LAW FIRM**, 515 N. Broadway, P.O. Box 1449, Pittsburg, Kansas, (herein called **ATTORNEY**) and **BUCK BOX AND HEIRS OF MARY BOX**, (herein called **CLIENT**). **CLIENT** hereby retains and employs **ATTORNEY** to represent him in prosecuting the claim against Community Health Clinic of Southeast Kansas for damages arising out of the treatment and resultant death of Mary Box which occurred on or about the 12th day of November, 2016.

### FEES

**CLIENT** agrees to pay **ATTORNEY**, as a fee for such representation, TWENTY-FIVE PERCENT (25%) of the recovery.

**CLIENT** hereby empowers said **ATTORNEY** to file such legal actions as may be advisable in the opinion of **ATTORNEY**.

**ATTORNEY** may not compromise or settle **CLIENT'S** claim without the consent of **CLIENT**.

### LITIGATION (CASE) EXPENSE

Litigation expenses incurred by **ATTORNEY**, including, but not limited to, mileage, depositions, postage, expert fees, and copies shall be deducted from the gross recovery before attorneys fees are calculated.

### TERMINATION

**CLIENT** may terminate this representation at any time with or without cause by notifying **ATTORNEY** in writing. Upon receipt of the notice to terminate representation, **ATTORNEY** will cease all legal work on **CLIENT'S** behalf immediately.

To the extent permitted by rules of professional responsibility and the court, **ATTORNEY** may terminate representation at any time if **CLIENT** fails to cooperate or follow our advice on a material manner, if a conflict of interest develops or is discovered, or if there exists, at any time, any fact or

circumstance that would, in our opinion, render our continuing representation unlawful, unethical, or otherwise inappropriate.

## FILE RETENTION AND DESTRUCTION

At the conclusion of this matter, we will retain **CLIENT'S** legal files for a period of five (5) years after we close our file. At the expiration of the five-year period, we will destroy these files unless you notify **ATTORNEY** in writing that **CLIENT** wishes to take possession of them. **ATTORNEY** reserves the right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

This Agreement is subject to Court approval.

_____
**BUCK BOX**

**THE SPIGARELLI LAW FIRM**

_____
**KALA SPIGARELLI**